### DI DIO v. ROBINO et al.

#### (Supreme Court, Appellate Term. May 7, 1909.)

BAILMENT (§ 12*)—GRATUITOUS BAILEE—LIABILITY.

 A gratuitous bailee is not liable for loss of the property, unless grossly negligent.

 [Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 37–41; Dec. Dig. § 12.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Michele Di Dio against Giuseppe Robino and another. From a judgment in favor of plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Brande & Weber, for appellants.
John Santora, for respondent.

PER CURIAM. Plaintiff intrusted small sums to defendants to keep for him as gratuitous bailees. Plaintiff testified that he asked for sums once or twice, but that defendants dissuaded him from taking the money. He could neither read nor write, and, although he testified that he had given defendants $200 in all, for which he sued, yet he had kept no accounts, and only knew that he had been accustomed to give defendants some $10 every two weeks for eight or nine months. In effect that was substantially the plaintiff's whole testimony. Defendants testified that they had often offered to return the money, but plaintiff did not wish the responsibility of caring for it; that on De-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cember 26, 1907, the house was entered by burglars, and the money was stolen from the trunk where, together with some of defendants' own money, it was kept. The testimony of the robbery was strongly corroborated by neighbors in the building who testified for defendants.

The trial justice charged the jury that, to recover, the plaintiff must prove that the loss had been occasioned by the gross negligence of defendants, as they were but gratuitous bailees, and therefore owed but a slight degree of care. No evidence of such gross negligence appears in the whole case, and in rendering their verdict for plaintiff, the jury showed a complete disregard of the evidence and charge of the trial justice. This conclusion is but strengthened by the fact that the foreman of the jury was unable to tell what was the verdict they had found, and upon direction by the court: "Some other juror may state the verdict. The foreman does not seem to understand"—a juror replied: "We agreed on a compromise verdict."

The judgment must be reversed, and a new trial ordered, with costs to appellants to abide the event.